In the Matter of the Judicial Settlement of the Account of HARRIET L. BARDIN, as Executrix, etc., of JAMES H. BARDIN, Deceased, Appellant.

MABEL A. STONE, Respondent.

Third Department, January 7, 1925.

Executors and administrators — contract by testator with father of claimant to will claimant and her brother his property if they stayed with him — claimant married and left testator's home prior to his death — contract not broken by testator — limitation of actions — claimant is limited to recovery for services within six years preceding death of testator.

A contract, made by the testator with the father of the claimant to will his property to the claimant and her brother if they stayed with the testator or to the one that did stay, was not broken by the testator by his failure to make a will in accordance therewith, since it appears that prior to the testator's death the claimant married and left the testator's home and did not stay with him thereafter.

If the testator had broken the contract the Statute of Limitations would not apply and the claimant could have recovered for all services rendered on the faith of an agreement prior to such breach, but there having been no breach of the contract by the testator, the claimant is limited to a recovery for services within the six years immediately preceding the testator's death.

McCANN, J., dissents, with opinion.

APPEAL by Harriet L. Bardin, as executrix, from a decree of the Surrogate's Court of the county of Washington, entered in the office of said surrogate on the 5th day of June, 1924.

*Chambers & Finn* [*Walter A. Chambers* of counsel], for the appellant.

*W. E. Young* [*Erskine C. Rogers* of counsel], for the respondent.

PER CURIAM:

The decree rests on an agreement made by the deceased with the father of the claimant during her infancy which agreement has been found by the surrogate to be as follows: " ' If the children [meaning claimant and her young brother] stay here and do what is right by me [meaning deceased] I will will them my property ' or whichever one stayed." No other contract is found to have been made. In the year 1911 the claimant married and left the home of the deceased and has not " stayed " with him since. The deceased has not, therefore, breached his contract. Had he done so the Statute of Limitations would not apply and the claimant might recover for all services rendered on the faith of an agreement prior to such breach. There having been no breach of con-

tract by the deceased claimant is limited to a recovery for services within the six years immediately preceding his death. (*Leahy* v. *Campbell*, 70 App. Div. 127, 130.) He died June 14, 1922. Claimant makes no claim for services later than January 1, 1918, or for a period of eighty weeks within six years prior to the death of testator. The value of her services during that time has been found to be $3 per week. The decree, therefore, should be modified by reducing her damages to $240, with interest.

All concur, except McCANN, J., dissenting with an opinion.

McCANN, J. (dissenting):

It is the opinion of the other members of the court that the claimant did not fulfill on her part the contract which was made in her behalf, and that instead of staying with the decedent she left him and, therefore, all services rendered after that date were under a new implied contract and to recover for which she must rely upon a *quantum meruit* for a period of six years and no longer. I cannot agree with this conclusion. The testimony shows that after the claimant was married and after moving from the farm she still resided in the neighborhood and was subject to call at any time by the decedent for the rendition of any services that he might require. The evidence also shows that she rendered such services and that many of them were at the special request of the decedent, who sent for her to come to his home, where the services in question were rendered. The implication must be that such request was based upon the contract that the decedent made with claimant's father; that decedent did not regard such contract as canceled or that the claimant had abandoned any effort to perform on her part. Furthermore, the testimony shows that on two occasions after the claimant had left the decedent's home the latter had made statements that he had fixed everything for Mabel and that he had made his will in her favor and wanted her to have all her pay.

In view of the fact that these admissions were made after the claimant left decedent's home and the further fact that he called upon her for the rendition of services after such date indicates to me that the decedent did not regard the original contract as canceled, and if it had not been canceled the claimant is entitled to recover the full amount awarded to her by the surrogate. I favor an affirmance.

Decree modified by reducing the amount of the damages to $240, with interest, and as so modified affirmed, without costs.